UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VANESSA MARIE BLACKHAWK,

        Plaintiff,

        v.                                    Case No. 20-C-1592

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.

## DECISION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

This is an action for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Vanessa Marie Blackhawk's application for supplemental security income under Title XVI of the Social Security Act. 42 U.S.C. § 405(g). For the following reasons, the decision of the Commissioner will be affirmed.

## BACKGROUND

Blackhawk filed an application for supplemental security income on June 11, 2019, alleging disability beginning December 27, 2014. She was 30 years old and listed chronic pain, pain in hips bilaterally, back pain, and anxiety as the conditions that limited her ability to work. R. 170. After her application was denied initially and on reconsideration, Blackhawk requested a hearing before an administrative law judge (ALJ). ALJ Gary Freyberg conducted a hearing on June 23, 2020. Blackhawk, who was represented by counsel, and a vocational expert testified. R. 30–57.

In a ten-page decision dated July 1, 2020, the ALJ concluded that Blackhawk was not disabled. R. 17–26. The ALJ's decision followed the Social Security Administration's five-step

sequential process for determining whether an individual is disabled. The ALJ found that Blackhawk had not engaged in substantial gainful activity since June 11, 2019, the application date. R. 19. He listed degenerative disc disease, obesity, mild degenerative hip disease, and osteoarthritis as Blackhawk's severe impairments. *Id.* Nevertheless, the ALJ determined Blackhawk did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 21. After careful consideration of the record, the ALJ concluded Blackhawk had the residual functional capacity (RFC) to perform sedentary work "except the claimant can never climb ladders, ropes, or scaffolds; can tolerate occasional operation of foot controls; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; should avoid concentrated exposure to environmental irritants such as fumes, odors, dusts, and gases; should avoid concentrated exposure to poorly ventilated areas; and should avoid all use of dangerous moving machinery and exposure to unprotected heights." *Id.* Considering Blackhawk's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Blackhawk can perform, including sorter, final assembler, and table worker. R. 25–26. Accordingly, the ALJ found Blackhawk was not disabled since June 11, 2019, the date the application was filed. R. 26.

## LEGAL STANDARD

The determination of whether a claimant has met her burden of proof in a social security disability case is entrusted to the Commissioner of the Social Security Administration. Judicial review of the decisions of the Commissioner, like judicial review of all administrative agencies, is intended to be deferential. *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010). The Social Security Act specifies that the "findings of the Commissioner of Social Security as to any fact, if

supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The substantial evidence test is intended to ensure that the Commissioner's decision has a reasonable evidentiary basis. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("[A] court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938))); *Sanders v. Colvin*, 600 F. App'x 469, 470 (7th Cir. 2015) ("The substantial-evidence standard, however, asks whether the administrative decision is rationally supported, not whether it is correct (in the sense that federal judges would have reached the same conclusions on the same record)."). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the Agency's own rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). It is not the job of a reviewing court to "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

## ANALYSIS

Blackhawk's submission is one paragraph long. She does not point to any specific deficiencies in the ALJ's analysis or reasoning or explain why the ALJ's decision is not supported

3

by substantial evidence. Instead, she disagrees with the denial of her application for supplemental security income and requests that the Court "take the time" to review her case. Dkt. No. 16. As explained above, the Court's role in this case is not to decide the case *de novo*, supplant the ALJ's findings, and independently determine whether Blackhawk is disabled or entitled to supplemental security income. *See Lopez*, 336 F.3d at 539. Instead, the Court's function on review is to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. Although the Court is to construe *pro se* filings liberally, *pro se* litigants must "present a cogent legal argument with citations to authority and relevant parts of the record." *Greenwell v. Saul*, 811 F. App'x 368, 370 (7th Cir. 2020). Despite Blackhawk's failure to make a concrete argument, the Court has undertaken a review of the record and concludes that sufficient evidence supports the ALJ's decision.

The ALJ determined that Blackhawk had several severe impairments but concluded they did not meet or equal any listings. He concluded that Blackhawk had the RFC to perform sedentary work except with the following limitations: "the claimant can never climb ladders, ropes, or scaffolds; can tolerate occasional operation of foot controls; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; should avoid concentrated exposure to environmental irritants such as fumes, odors, dusts, and gases; should avoid concentrated exposure to poorly ventilated areas; and should avoid all use of dangerous moving machinery and exposure to unprotected heights." R. 21. In creating this RFC, the ALJ cited Blackhawk's subjective statements, her activities of daily living, the objective medical findings contained in the medical record, and the opinions of the state agency consultants. R. 21–24. The ALJ thoroughly discussed the entire record and built a logical bridge from the evidence in the record to his conclusions. The ALJ did not commit any legal errors in this case.

## CONCLUSION

For these reasons, the Commissioner's decision is **AFFIRMED**. The Clerk is directed to enter judgment in favor of the Commissioner.

**SO ORDERED** at Green Bay, Wisconsin this 17th day of December, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
